UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DARNELL SMITH,                    )   CASE NO. 1:06 CV 832
                                  )
         Plaintiff,               )   JUDGE PATRICIA A. GAUGHAN
                                  )
    v.                            )
                                  )   MEMORANDUM OF OPINION
CITY OF CLEVELAND, et al.,        )   AND ORDER
                                  )
         Defendants.              )

On March 7, 2006, plaintiff pro se Darnell Smith, an inmate at the Lake Erie Correctional Institution, filed this action in the Ohio Court of Common Pleas against the City of Cleveland and 10 officers and employees of the Cleveland Police Department. Because the action was brought pursuant to 42 U.S.C. § 1983, the case was appropriately removed to this court by the City of Cleveland on April 7, 2006. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

The complaint asserts that plaintiff was arrested on three separate occasions - October 2, 2002, March 18, 2003 and July 1, 2003 - without probable cause, in violation of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. It is alleged that the arrests were intended to harass and were based on racial profiling.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

It is evident on the face of the complaint that the statute of limitations for bringing a section 1983 claim expired well before plaintiff filed this action. Browning v. Pendleton, 869 F. 2d 989 (6th Cir. 1989)(Ohio's two year statute of limitations for bodily injury applies to section 1983 claims). There would thus be no purpose in allowing this matter to go forward, in view of the fact that it is clearly time-barred. See, Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at **1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se section 1983 action filed after two year statute of limitations for bringing such an action had expired); see also, Ashiegbu v. Kim, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998), cert. denied, 119 S.Ct. 138 (U.S. Oct. 5, 1998) (section 1915(e) sua sponte dismissal is appropriate where claim is barred by statute of limitations).

Accordingly, this action is dismissed as under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in

good faith.

        IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan  
                                      PATRICIA A. GAUGHAN  
                                      UNITED STATES DISTRICT JUDGE

Dated: 5/4/06